## PALMER a. SMEDLEY.

*Supreme Court, First District; Special Term, January,* 1858.

PLEADING.—COMPLAINT BY ASSIGNEE.—REAL PARTY IN INTEREST.

A complaint by an assignee, which—after setting out the note or other chose in action upon which suit is brought, and stating that on such a day, &c., it was assigned by the payee to the plaintiff—alleges that it is the property of the assignor, and that he is the lawful owner and holder thereof, or that the defendant is indebted thereon to the assignor, is bad on demurrer, on the ground that it does not state facts sufficient to constitute a cause of action, although the assignment stated was in trust, and the plaintiff alleges that he has possession of the note.*

Demurrer to complaint.

The complaint contained statements of two causes of action. After alleging the existence of an association called Antioch College, and its incorporation by the State of Ohio, it averred that on June 29, 1857, the said college, being heavily in debt, made an assignment of its estate, &c., to plaintiff, by which he was empowered to sue for and collect all the outstanding debts of said college, and apply the proceeds to the payment of the creditors of the corporation. It then averred that on April 5, 1851, the plaintiff made his promissory note for the sum of $100, payable September 1, 1852, and delivered the same to the said Antioch College; that the note had never been paid; that it was then in the possession of the plaintiff *as the property* of the said Antioch College, which was the lawful owner and holder thereof; and that there was due on said note $135.53.

For a second cause of action, the complaint averred that the stock of the said association was issued in shares of $100 each; that on April 25, 1851, the defendant became a subscriber to the stock of the college to the sum of $100, payable September 1, 1852; that the same has never been paid; and that there remained due and owing to said college the amount of said subscription and interest, amounting to $135.58, whereupon the plaintiff demanded judgment for $271.16.

* Compare Myers a. Machado, *Ante*, 198.

To this defendant demurred, on the ground that the complaint did not state facts sufficient in law to constitute a cause of action.

DAVIES, J.—As to the first cause of action, it is clearly defective. It not only does not aver that the plaintiff is the real party in interest, but avers that the note sued on is not the property of the plaintiff, and that he is not the lawful owner and holder of the same, but that it is the property of another, and which other is the lawful owner and holder thereof. This is in direct conflict with section 111 of the Code. The presumptions of law which would arise from the fact that the plaintiff, being in possession of the note, is the lawful owner and holder thereof, is rebutted by the averment that he is not such lawful owner and holder.

In reference to the second cause of action, there is no averment of any indebtedness to the plaintiff by reason of the matters therein stated, or of any right therein on his part to demand of the defendant the money therein mentioned. The averment is, that the amount of the subscription is now due and owing to the said college, thus negativing any indebtedness to the plaintiff.

Judgment must be given for the defendants on the demurrer, with costs: liberty to plaintiff to amend in twenty days.